UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00275-GZS |
| | ) | |
| GARY WALTZ, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S
MOTION TO AMEND COMPLAINT**

In this action, Plaintiff, an inmate at the Maine State Prison, claims that Defendants Casey Chadwick and Gary Waltz, both officers at the Prison, violated his rights under the First Amendment, discriminated against Plaintiff in violation of the Equal Protection Clause, and deprived Plaintiff of liberty and property without due process, by censoring incoming publications purchased by Plaintiff. The Court ordered service following a screening review of the original complaint and Defendants accepted service of the complaint. Defendants have not yet answered the complaint.

The matter is before the Court on Plaintiff's motion to amend the complaint to join as a party Grievance Review Officer Josh Black. (ECF No. 26.) According to the proposed amended complaint (ECF No. 26-1), Officer Black failed to process Plaintiff's grievance paperwork regarding the media-related claims, in violation of the Department's Grievance Policy. Plaintiff alleges that Officer Black conspired with Defendants Chadwick and Waltz to obstruct Plaintiff's claims and deny him due process with respect to the publications he

purchased. After review of the proposed amendment to the complaint, the Court grants the motion to amend.

## Discussion

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to amend the complaint "once as a matter of course" within 21 days after service of the complaint. Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). To the extent a court determines a claim advanced or supplemented through a motion to amend would be futile because the facts fail to state an actionable claim, the court can deny the motion. *Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009).

Here, the record reflects Defendants were served with the complaint on September 28, 2018. (ECF No. 17.) Plaintiff filed the motion to amend on October 17, 2018, i.e., within 21-days of service. Plaintiff, therefore, is entitled to amend his pleading unless the amendment would be futile.

As a grievance review officer, Mr. Black ordinarily would not be subject to a due process claim for failure to implement the grievance review process. *Antonelli v. Sheahan*,

81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."); *Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 Fed. App'x 890, 895 (11th Cir. 2015) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Von Hallcy v. Clements*, 519 Fed. App'x 521, 523 (10th Cir. 2013) ("Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system."); *Woods v. First Corr. Med. Inc.*, 446 Fed. App'x 400, 403 (3d Cir. 2011) ("[A] prisoner has no free-standing constitutional right to an effective grievance process...."); *Butler v. Brown*, 58 Fed. App'x 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy*, 30 Fed. App'x 568, 569 – 70 (6th Cir. 2002) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). To the extent, therefore, Plaintiff seeks to amend his complaint to assert a claim based solely on Mr. Black's failure to implement, facilitate or conduct an adequate grievance procedure, Plaintiff's claim would be futile.

Plaintiff, however, alleges Mr. Black conspired with Defendants Waltz and Chadwick to deprive him of first amendment liberties or property in violation of due process and equal protection, based on the content of the subject publication(s). (Proposed Amended Complaint, ¶ 13, ECF No. 26-1.) Plaintiff's proposed amended complaint, therefore, can be construed to allege that as to the publications, Mr. Black, along with

3

Defendants Waltz and Chadwick, deprived Plaintiff of rights protected by the First Amendment, the Equal Protection Clause, and the Due Process Clause.

**Conclusion**

Based on the foregoing analysis, the Court grants Plaintiff's motion to amend the complaint. Josh Black is joined as a defendant. The proposed amended complaint is incorporated into Plaintiff's original complaint, except to the extent Plaintiff attempts to assert a separate claim based on Mr. Black's alleged failure to implement, facilitate or conduct an adequate grievance procedure. The Clerk shall issue the standard notice to the Maine Attorney General regarding service on Mr. Black.

**SO ORDERED.**

**<u>NOTICE</u>**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of October, 2018.