UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLAS GLADU,            )
                           )
        Plaintiff          )
                           )
v.                         )    1:18-cv-00275-GZS
                           )
GARY WALTZ, et al.,        )
                           )
        Defendants         )

# RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

In this action, Plaintiff alleges that Defendants improperly denied him access to certain materials he ordered through the mail. Plaintiff contends Defendants' actions were inconsistent with the Department of Corrections' policies, violated his First Amendment rights, and constitute unlawful discrimination.

The matter is before the Court on Plaintiff's motion for preliminary injunction. Plaintiff asks the Court to order Defendants to permit him to possess the materials. Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny the motion.

## DISCUSSION

When evaluating a request for preliminary injunction, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc.*

*v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996). The likelihood of success factor is given the most weight. *Id.* at 16 ("Likelihood of success is the main bearing wall[.]").

Defendants denied Plaintiff delivery of the materials pursuant to Department policy because the materials included depictions of prohibited sexual or violent content. (Defendants' Opposition, ECF No. 70.) Regardless of Plaintiff's theory of recovery, on the record before the Court, Plaintiff has not demonstrated a likelihood of success on the merits. "[T]he right [of inmates] to receive publications free from government regulation is subject to the same limitations as speech in general, including restrictions on obscene speech." *Moses v. Dennehy*, 523 F. Supp.2d 57, 59-60 (D. Mass. Nov. 19, 2007) (citing *Martin v. City of Struthers*, 319 U.S. 141, 143 (1943)). On this record, which includes the exhibits filed by Defendants (ECF No. 70-2) and Plaintiff's description of the materials in a related motion (ECF No. 63), Defendants' prohibition of the materials appears to be rationally related to the government's legitimate penological interests. *See e.g., Amatel v. Reno*, 156 F.3d 192 (D.C. Cir. 1998). Plaintiff has also offered no record evidence that would demonstrate that he is likely to prevail on his discrimination claim.

Furthermore, none of the other factors militates in favor of an injunction. The materials to which Plaintiff seeks access would be available to him to review and possess in the event he prevailed on his claim and monetary damages would be sufficient to compensate him from the temporary deprivation of the materials. Plaintiff, therefore, has failed to demonstrate the irreparable harm necessary for a preliminary injunction. For similar reasons, the potential hardship to Plaintiff if an injunction issues is minimal

compared to the potential hardship to the government of an injunction that would cause a significant change in the administration of the prison. Indeed, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). Finally, given that the policy governing the materials is designed to further the security and management of the prison, on the current record, the public's interest in the orderly administration of the prison outweighs Plaintiff's interest in possessing the materials. A preliminary injunction, therefore, is not warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for preliminary injunction (ECF No. 59).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of May, 2019.