UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| NICHOLAS A. GLADU, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:18-cv-00275-GZS |
| GARY WALTZ, et al., | ) | |
| Defendants | ) | |

## ORDER ON PENDING MOTIONS

After the close of discovery and after Defendants moved for summary judgment, Plaintiff asks the Court to reopen discovery (Motions, ECF Nos. 205, 209), to take judicial notice of a policy of the Maine Department of Corrections (Motion, ECF No. 212), and to extend the time for Plaintiff to respond to the motion for summary judgment. (Motion, ECF No. 208.)

Following a review of the parties' written arguments and the record, the Court denies Plaintiff's motions to reopen discovery, dismisses as moot Plaintiff's motion to take judicial notice, and grants in part Plaintiff's motion to extend the time for Plaintiff to respond to the motion for summary judgment.

## DISCUSSION

**A. Motions to Reopen Discovery**

The discovery period closed on November 8, 2019.[1] (Order, ECF No. 167.) On

---

[1] On November 13, 2020, the Court denied Plaintiff's request to extend the discovery deadline, but permitted Plaintiff to request leave to conduct specific discovery if Plaintiff believed Defendants' discovery responses warranted some additional discovery. (Order, ECF No. 176.) The Court subsequently authorized

February 3, 2020, Defendants filed a motion for summary judgment. (Motion, ECF No. 197.) On February 10, 2020, and on February 19, 2020, Plaintiff moved to reopen discovery. (Motions, ECF Nos. 205, 209.) In support of the motions to reopen discovery, Plaintiff contends that he recently learned of relevant evidence in the possession of other inmates at the Maine State Prison, which evidence Plaintiff believes warrants additional discovery. Plaintiff also argues that in their summary judgment filings, Defendants have made certain misrepresentations and that discovery is necessary to address the misrepresentations.

As a general rule, to obtain an extension of the discovery deadline established by the Court's scheduling order, a party must demonstrate "good cause," which "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party opponent." *Somascan, Inc. v. Phillips Medical Systems Nederland, B.V.*, 714 F. 3d 62, 64 (1st Cir. 2013) (internal citations and quotations omitted). Here, while Plaintiff asserts that he recently learned of certain documents in the possession of other inmates, he has not demonstrated why he could not have learned of the information before the close of discovery. Furthermore, given that Plaintiff is aware of the information and evidently can communicate with the other inmates, Plaintiff has not established that formal discovery is necessary to obtain the information or to explore related information. Finally, insofar as Defendants have moved for summary judgment, Defendants would plainly be prejudiced

---

Plaintiff to conduct additional limited discovery based on Defendants' responses to Plaintiff's discovery requests. (Order, ECF No. 189.)

by the delay that would accompany a reopening of discovery. Plaintiff, therefore, has not established good cause to reopen discovery.

To the extent Plaintiff contends the reopening of discovery is necessary for him to respond to Defendants' motion for summary judgment, Plaintiff's argument also fails. When the nonmoving party at summary judgment believes the party has not had access to facts to respond to a motion for summary judgment, the party may ask the Court to defer ruling on, or deny, the summary judgment motion until the nonmoving party obtains further discovery. Fed. R. Civ. P. 56(d). To obtain the relief provided by the Rule, the nonmoving party must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Id.* The First Circuit has described the necessary showing, or proffer, and the standard of review, as follows:

> "[T]he proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment." If the reason the party cannot "adduce the facts essential to opposing summary judgment" is incomplete discovery, the party's explanation (i.e., the third requirement) should: (i) "show good cause for the failure to have discovered the facts sooner"; (ii) "set forth a plausible basis for believing that specific facts ... probably exist"; and (iii) "indicate how the emergent facts ... will influence the outcome of the pending summary judgment motion." Thus, in a case involving incomplete discovery, the Rule 56(d) proffer requirements can be categorized as: "authoritativeness, timeliness, good cause, utility, and materiality." "[T]hese requirements are not inflexible and .... one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case." When all the requirements are satisfied, "a strong presumption arises in favor of relief."

*In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 – 44 (1st Cir. 2014) (citations omitted) (quoting *Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir.

1994)).

As explained above, Plaintiff has not established good cause for the discovery. Plaintiff has also failed to explain persuasively how the additional discovery would influence the motion for summary judgment. Plaintiff thus has not demonstrated that he is entitled to relief under Rule 56(d).

**B. Motion to Take Judicial Notice**

Plaintiff asks the Court to take judicial notice of a policy of the Maine Department of Corrections. (Motion, ECF No. 212.) Federal Rule of Evidence 201(b) provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known or within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While the Court does not believe the policy constitutes a fact of which the Court can take judicial notice, the policy is part of the summary judgment record. (ECF No. 198-1.) The Court, therefore, can consider the policy without taking judicial notice of it. Because the policy is part of the record evidence, Plaintiff's request is moot.

**C. Motion to Extend Time**

Plaintiff asks the Court to extend by 120 days the time for a response to the motion for summary judgment. Although the Court will grant Plaintiff more time to file a response to the motion, the time requested by Plaintiff is excessive. The Court will grant Plaintiff a reasonable extension of the deadline to respond to the motion.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motions to reopen discovery (ECF Nos. 205, 209), dismisses as moot Plaintiff's motion to take judicial notice (ECF No. 212), and grants in part Plaintiff's motion to extend the time for Plaintiff to file a response to the motion for summary judgment. (ECF No. 208.) Plaintiff shall file his response to the motion for summary judgment on or before April 30, 2020.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of March, 2020.