UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLAS A. GLADU,        )
                          )
        Plaintiff         )
                          )    1:18-cv-00275-GZS
v.                        )
                          )
GARY WALTZ, et al.,       )
                          )
        Defendants        )

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR VOLUNTARY DISMISSAL OF CERTAIN CLAIMS**

After Defendants moved for summary judgment (Motion, ECF No. 197), Plaintiff filed a motion to dismiss some of his claims. (Motion, ECF No. 206.) Plaintiff, however, is not entitled to dismiss voluntarily either his entire action or less than all his claims at this stage of the proceedings. *See* Fed. R. Civ. P. 41(a)(1) (cannot without court order voluntary dismiss action after answer or motion for summary judgment is filed); *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 – 90 (9th Cir. 2005) (plaintiff cannot dismiss even with court approval fewer than all claims under Rule 41(a)(2)).[1] Plaintiff's claims are more appropriately addressed in the context of the motion

---

[1] Plaintiff's request could be considered to be a motion to amend the complaint in accordance with Federal Rule of Civil Procedure 15. *Hells Canyon*, 403 F.3d at 688-89. A motion to amend that is filed beyond the scheduling order deadline requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate "good cause." *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002) (quoting *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001)); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). Plaintiff's motion lacks any basis for his failure to seek an amendment before the close of discovery and the filing of Defendants' motion for summary judgment. To the extent, therefore, that Plaintiff's motion is construed as a motion to amend his complaint, Plaintiff has failed to demonstrate good cause for the amendment at this late stage of the proceedings.

for summary judgment.  Accordingly, I recommend the Court deny Plaintiff's motion to dismiss.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of March, 2020.